**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>                    Plaintiff,<br>v.<br><br>ZTE CORPORATION<br><br>                    Defendant. | CIVIL ACTION NO. 6:20-cv-492-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT ZTE CORPORATION'S ANSWER TO
FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant ZTE Corporation ("ZTE")[1] hereby responds to the First Amended Complaint ("Complaint") (Dkt. No. 36) of Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff" or "WSOU") with the following Answer and Affirmative Defenses. ZTE denies the allegations and characterizations in WSOU's Complaint unless expressly admitted in the following number paragraphs, which correspond to the numbered paragraphs in the Complaint.

**NATURE OF THE ACTION**

1.      ZTE admits that Plaintiff brought this action under the United States patent laws, 35 U.S.C. §§ 1, *et. seq.* ZTE denies any remaining allegations in this paragraph.

---

[1] These Answers and Counterclaims are on behalf of ZTE Corporation only. Former Defendants ZTE (USA) Inc. and ZTE (TX), Inc. were dismissed from these matters. *See* Case No. 6:20-cv-00492-ADA, Dkt. 104 (W.D. Tex.) (order dismissing ZTE (USA) Inc. and ZTE (TX), Inc.

## THE PARTIES

2.      ZTE is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

3.      ZTE admits that ZTE Corporation is a Chinese corporation with offices at ZTE Plaza, Keji Road South, Hi-Tech Industrial Park, Nanshan District, Shenzhen China. ZTE denies any remaining allegations of this paragraph.

4.      It is ZTE's understanding that ZTE (USA) Inc. is a New Jersey corporation with its principal place of business located in Richardson, Texas. ZTE denies any remaining allegations of this paragraph.

5.      It is ZTE's understanding that ZTE (TX) Inc. is a Texas corporation. ZTE denies any remaining allegations of this paragraph.

6.      ZTE confirms that it operates and identifies with the trade name "ZTE." ZTE acknowledges that paragraph 6 further purports to set forth definitions for terms, as those terms are used in the Complaint. ZTE denies any remaining allegations of this paragraph.

## JURISDICTION AND VENUE

7.      ZTE admits that Plaintiff brought this action under the United States patent laws, 35 U.S.C. §§1, *et. seq.* ZTE denies any remaining allegations of this paragraph.

8.      ZTE admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). ZTE denies any remaining allegations of this paragraph.

9.      ZTE admits that venue is proper in this District for ZTE Corporation for purposes of this particular action, but not convenient or in the interests of justice under 28 U.S.C. § 1404(a) and Fed. R. Civ. Pro. 19(b). Any remaining allegations in this paragraph consist of argument and legal conclusions, to which no response is required, but to the extent a response is required, ZTE

denies the allegations, and specifically denies that it has committed acts of infringement in this District or any other district.

10.     The allegations in this paragraph consist of argument and legal conclusions, to which no response is required, but to the extent a response is required, ZTE denies the allegations, and specifically denies that it has committed acts of infringement in this District or any other district.

11.     The allegations in this paragraph consist of argument and legal conclusions, to which no response is required, but to the extent a response is required, ZTE denies the allegations, and specifically denies that it has committed acts of infringement in this District or any other district.

12.     The allegations in this paragraph consist of argument and legal conclusions, to which no response is required, but to the extent a response is required, ZTE denies the allegations, and specifically denies that it has committed acts of infringement in this District or any other district.

13.     The allegations in this paragraph consist of argument and legal conclusions, to which no response is required, but to the extent a response is required, ZTE denies the allegations, and specifically denies that it has committed acts of infringement in this District or any other district.

14.     The allegations in this paragraph consist of argument and legal conclusions, to which no response is required, but to the extent a response is required, ZTE denies the allegations, and specifically denies that it has committed acts of infringement in this District or any other district.

15.     To the extent the allegations in paragraph 15 purport to describe or quote one or more documents or webpages, ZTE states that those documents or webpages are the best source of their full content and content. ZTE denies any remaining allegations in this paragraph.

16.     To the extent the allegations in paragraph 16 purport to describe or quote one or more documents or webpages, ZTE states that those documents or webpages are the best source of their full content and content. ZTE denies any remaining allegations in this paragraph.

17.     To the extent the allegations in paragraph 17 purport to describe or quote one or more documents or webpages, ZTE states that those documents or webpages are the best source of their full content and content. ZTE denies any remaining allegations in this paragraph.

18.     The allegations in this paragraph consist of argument and legal conclusions, to which no response is required, but to the extent a response is required, ZTE denies the allegations, and specifically denies that it has committed acts of infringement in this District or any other district.

19.     The allegations in this paragraph consist of argument and legal conclusions, to which no response is required, but to the extent a response is required, ZTE denies the allegations, and specifically denies that it has committed acts of infringement in this District or any other district.

20.     The allegations in this paragraph consist of argument and legal conclusions, to which no response is required, but to the extent a response is required, ZTE denies the allegations, and specifically denies that it has committed acts of infringement in this District or any other district.

21.     The allegations in this paragraph consist of argument and legal conclusions, to which no response is required, but to the extent a response is required, ZTE denies the allegations,

and specifically denies that it has committed acts of infringement in this District or any other district.

22.     ZTE admits that venue is proper in this District for ZTE Corporation pursuant to 28 U.S.C. §§ 1391 for purposes of this particular action, but not convenient or in the interests of justice under 28 U.S.C. § 1404(a) and Fed. R. Civ. Pro. 19(b). To the extent the allegations in paragraph 22 purport to describe or quote one or more documents or webpages, ZTE states that those documents or webpages are the best source of their full content and content. Any remaining allegations in this paragraph consist of argument and legal conclusions, to which no response is required, but to the extent a response is required, ZTE denies the allegations, and specifically denies that it has committed acts of infringement in this District or any other district.

**COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 8,147,071**

23.     ZTE repeats and re-alleges its answers to the preceding paragraphs as if fully set forth here.

24.     ZTE admits that, on its face, U.S. Patent No. 8,147,071 ("the '071 patent") is entitled "Processor for an Apparatus, an Apparatus and Associated Methods." ZTE admits that Exhibit A appears to be a copy of the '071 patent, but lacks sufficient information to verify its authenticity. ZTE denies that the '071 patent was duly and legally issued. ZTE lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies them.

25.     ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

26.     This paragraph sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required,

ZTE denies the allegations, and specifically denies that it has committed acts of infringement in this District or any other district.

27.     To the extent the allegations in paragraph 27 purport to describe or quote one or more documents or webpages, ZTE states that those documents or webpages are the best source of their full content and content. Any remaining allegations in this paragraph consist of argument and legal conclusions, to which no response is required, but to the extent a response is required, ZTE denies the allegations, and specifically denies that it has committed acts of infringement in this District or any other district.

28.     To the extent the allegations in paragraph 28 purport to describe or quote one or more documents or webpages, ZTE states that those documents or webpages are the best source of their full content and content. Any remaining allegations in this paragraph consist of argument and legal conclusions, to which no response is required, but to the extent a response is required, ZTE denies the allegations, and specifically denies that it has committed acts of infringement in this District or any other district.

29.     To the extent the allegations in paragraph 29 purport to describe or quote one or more documents or webpages, ZTE states that those documents or webpages are the best source of their full content and content. Any remaining allegations in this paragraph consist of argument and legal conclusions, to which no response is required, but to the extent a response is required, ZTE denies the allegations, and specifically denies that it has committed acts of infringement in this District or any other district.

30.     This paragraph sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required,

ZTE denies the allegations, and specifically denies that it has committed acts of infringement in this District or any other district.

31.     To the extent the allegations in paragraph 31 purport to describe or quote one or more documents or webpages, ZTE states that those documents or webpages are the best source of their full content and content. Any remaining allegations in this paragraph consist of argument and legal conclusions, to which no response is required, but to the extent a response is required, ZTE denies the allegations, and specifically denies that it has committed acts of infringement in this District or any other district.

32.     To the extent the allegations in paragraph 32 purport to describe or quote one or more documents or webpages, ZTE states that those documents or webpages are the best source of their full content and content. Any remaining allegations in this paragraph consist of argument and legal conclusions, to which no response is required, but to the extent a response is required, ZTE denies the allegations, and specifically denies that it has committed acts of infringement in this District or any other district.

33.     To the extent the allegations in paragraph 33 purport to describe or quote one or more documents or webpages, ZTE states that those documents or webpages are the best source of their full content and content. Any remaining allegations in this paragraph consist of argument and legal conclusions, to which no response is required, but to the extent a response is required, ZTE denies the allegations, and specifically denies that it has committed acts of infringement in this District or any other district.

34.     This paragraph sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required,

ZTE denies the allegations, and specifically denies that each and every element of at least claim 13 of the '071 patent is found in the Accused Products.

35.     This paragraph sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, ZTE denies the allegations, and specifically denies that it has committed acts of infringement in this District or any other district.

36.     This paragraph sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, ZTE admits that it received service of the Complaint and that the Complaint identified the '071 patent by number. ZTE denies any remaining allegations in this paragraph.

37.     To the extent the allegations in paragraph 37 purport to describe or quote one or more documents or webpages, ZTE states that those documents or webpages are the best source of their full content and content. Any remaining allegations in this paragraph consist of argument and legal conclusions, to which no response is required, but to the extent a response is required, ZTE denies the allegations, and specifically denies that it has committed acts of infringement in this District or any other district.

38.     This paragraph sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, ZTE denies the allegations, and specifically denies that it has committed acts of infringement in this District or any other district.

## RESPONSE TO PLAINTIFF'S DEMAND FOR JURY TRIAL

ZTE admits that Plaintiff demands a trial by jury, and ZTE likewise demands a trial by jury on all issues so triable.

## RESPONSE TO PLAINTIFF'S REQUEST FOR RELIEF

ZTE denies the underlying allegations of Plaintiff's Prayer for Relief against ZTE, denies that Plaintiff is entitled to any relief whatsoever, and requests that the Court deny all relief to Plaintiff, enter judgment in favor of ZTE, and award ZTE its attorneys' fees as the prevailing party in the action.

## ZTE'S AFFIRMATIVE DEFENSES

ZTE's affirmative defenses are provided below. ZTE further reserves the right to amend this Answer to add affirmative defenses, including allegations of inequitable conduct, and/or any other defenses currently unknown to ZTE, as they become known throughout the course of discovery in this action. Assertion of a defense is not a concession that ZTE has the burden of proving the matter asserted.

## FIRST AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

1.      Plaintiff is not entitled to any relief against ZTE because ZTE does not and has not directly or indirectly infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '071 patent.

## SECOND AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL

2.      Plaintiff is estopped from construing or interpreting any claims of the '071 patent in such a way as may cover and/or include, either literally or under the doctrine of equivalents, ZTE's products, processes, services, and/or activities, and/or has waived any right to do so by reason of cancellation, limitation, or abandonment of claims, admissions, arguments, amendments, and/or representations made by or on behalf of the applicants in any proceedings before the United States Patent and Trademark Office.

9

## THIRD AFFIRMATIVE DEFENSE – INVALIDITY

3.      Each and every asserted claim of the '071 patent is invalid for failure to meet the requirements of Title 35, United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112 thereof, and the rules, regulations, and laws pertaining thereto, and/or obviousness type double patenting.

## FOURTH AFFIRMATIVE DEFENSE – EQUITABLE DOCTRINES

4.      Plaintiff's claims against ZTE regarding the '071 patent are barred by the equitable doctrines of waiver, estoppel, and/or acquiescence.

## FIFTH AFFIRMATIVE DEFENSE – NON-COMPLIANCE

5.      Plaintiff's claims for relief are limited and/or barred, in whole or in part, to the extent it or any predecessor-in-interest to the '071 patent undertook an obligation to a standards-setting organization, and to the extent that Plaintiff or any predecessor-in-interest to the '071 patent breached a commitment to offer a license to the '071 patent on fair, reasonable, and non-discriminatory and/or reasonable and non-discriminatory terms, breached any disclosure requirements, and/or based on other circumstances.

## SIXTH AFFIRMATIVE DEFENSE – LIMITATION OF DAMAGES

6.      The relief sought by Plaintiff is barred or limited by 35 U.S.C. §§ 286, 287, and/or 288. Plaintiff is not entitled to any damages for activities before the filing of this action. Plaintiff did not notify ZTE of its alleged infringement before the filing of this action.

## SEVENTH AFFIRMATIVE DEFENSE – LACK OF STANDING

7.      On information and belief, Plaintiff lacks standing to bring this suit to the extent that Plaintiff and/or its predecessors-in-interest lacked sufficient chain of title to the '071 patent.

In addition, on information and belief, Plaintiff lacks standing to bring this suit to the extent that Plaintiff lacks substantial rights to the '071 patent.

### EIGHTH AFFIRMATIVE DEFENSE – LICENSE; PATENT EXHAUSTION

8.      On information and belief, Plaintiff's claims for relief are barred in whole or in part by an express or implied license, and/or the patent exhaustion doctrine.

### NINTH AFFIRMATIVE DEFENSE – NO WILLFUL INFRINGEMENT

9.      Plaintiff is not entitled to a finding of willful infringement with a corresponding increase in damages under 35 U.S.C. § 284.

### TENTH AFFIRMATIVE DEFENSE – NOT EXCEPTIONAL CASE

10.      Plaintiff is not entitled to a finding that this case is exceptional warranting attorneys' fees under 35 U.S.C. § 285, or pursuant to the Court's inherent power.

### ELEVENTH AFFIRMATIVE DEFENSE – ENSNAREMENT

11.      Plaintiff's claims for infringement are barred by the doctrine of ensnarement.

### TWELFTH AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

12.      The Complaint fails to state a claim upon which relief can be granted.

### THIRTEENTH AFFIRMATIVE DEFENSE – FAILURE TO JOIN A PARTY

13.      The Complaint fails to join a party under Fed. R. Civ. Pro. Rule 19.

### FOURTEENTH AFFIRMATIVE DEFENSE – NO INJUNCTIVE RELIEF

14.      Plaintiff is not entitled to any injunctive relief because any alleged injury to Plaintiff is neither immediate nor irreparable, and Plaintiff has adequate remedies at law.

## **RESERAVATION OF DEFENSES**

15.     ZTE further reserves all defenses under Rule 8(c) of the Fed. R. of Civ. Pro., the Patent Laws of the United States, and any other defenses, at law or in equity, which may now exist or in the future be available based on discovery and further factual investigation in this case.

## **REQUEST FOR RELIEF**

WHEREFORE, ZTE respectfully requests that the Court:

(A)     Enter judgment that ZTE does not infringe any claims of the '071 patent literally and/or under the doctrine of equivalents;

(B)     Enter judgment that the '071 patent is invalid;

(C)     Declare that this case is exceptional pursuant to 35 U.S.C. § 285; and

(D)     Award ZTE its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

DATED:  September 17, 2021                              Respectfully submitted,


_/s/Lionel M. Lavenue_

Lionel M. Lavenue
Virginia Bar No. 49,005
lionel.lavenue@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,**
**GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, VA 20190
  Phone:  (571) 203-2700
  Fax:      (202) 408-4400

Attorneys for Defendant,
ZTE Corporation

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on September 17, 2021.

*/s/Lionel M. Lavenue*

Lionel M. Lavenue