# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>   Plaintiff,<br><br>v.<br><br>ZTE CORPORATION, ZTE (USA) INC., AND ZTE (TX), INC.<br><br>   Defendants. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 6:20-cv-487-ADA<br>CIVIL ACTION NO. 6:20-cv-488-ADA<br>CIVIL ACTION NO. 6:20-cv-489-ADA<br>CIVIL ACTION NO. 6:20-cv-490-ADA<br>CIVIL ACTION NO. 6:20-cv-491-ADA<br>CIVIL ACTION NO. 6:20-cv-492-ADA<br>CIVIL ACTION NO. 6:20-cv-493-ADA<br>CIVIL ACTION NO. 6:20-cv-494-ADA<br>CIVIL ACTION NO. 6:20-cv-495-ADA<br>CIVIL ACTION NO. 6:20-cv-496-ADA<br>CIVIL ACTION NO. 6:20-cv-497-ADA<br><br>**JURY TRIAL DEMANDED** |

**RESPONSE TO ZTE CORPORATION'S
"SUPPLEMENTAL BRIEF ON TRANSFER UNDER § 1404(a)"**

### A. The NDTX Action should be dismissed without prejudice or stayed.

The judicial inefficiency ZTE USA deliberately manufactured by filing the NDTX Action should be resolved by allowing the NDTX Action to be dismissed without prejudice under the first-to-file rule. Under the Fifth Circuit's[1] first-to-file rule, when two related cases are pending in two district courts, the court with the later-filed action may refuse to hear the case if the issues raised by both cases "substantially overlap." *Gateway Mortgage Group, L.L.C. v. Lehman Bros. Holdings, Inc.*, 694 Fed. Appx. 225, 227 (5th Cir. 2017).

WSOU has filed a motion to dismiss (or stay) the NDTX Action without prejudice pending resolution of this first-filed case. **Ex. A.**[2] The NDTX should dismiss the NDTX Action without prejudice. *Gateway Mortgage Group, L.L.C.*, 694 Fed. Appx. at 227 (affirming the district court's dismissal without prejudice of substantially overlapping declaratory judgment action, noting that the plaintiff "may return to the Southern District of Texas if its claims are not fully resolved in the Southern District of New York.").

### B. This Court should *not* apply an exception to the first-to-file rule.

ZTE urges this Court to find an exception to the first-to-file rule, arguing it is "unjust or inefficient to continue" this first-filed case because: (1) this case and the NDTX Action "substantially involve the same issues and parties;" (2) "transfer is efficient because the parallel litigation in the NDTX will not be dismissed;" and (3) it is "unjust to continue these cases in the WDTX without indispensable party ZTE USA." *Id.* at 3-4. These arguments fail.

***First***, the undisputed fact that this first-filed case and the NDTX Action "substantially involve the same issues and parties" is the reason to ***apply*** the first-to-file rule, not a reason to find an exception. *See Gateway Mortgage Group, L.L.C.*, 694 Fed. Appx. at 227. ***Second***, it is untrue (and pure speculation) that the second-filed NDTX Action will not be dismissed. Because the first-to-file rule applies, the NDTX Action should be dismissed without prejudice or stayed. *Id.*

---

[1] Applying the doctrine is a matter of Fifth Circuit law. *See Hydro-Quebec v. A123 Sys., Inc.*, 3:11-CV-1217-B, 2012 WL 13026630, at *3 (N.D. Tex. Mar. 16, 2012).
[2] Exhibits are being file only in the -487 case.

1

***Third***, ZTE USA is not indispensable and it is not unjust to continue without ZTE USA. This is simply a repackaging of the failed "indispensable party" argument untimely raised in ZTE's motion to reconsider. It was already rejected and should be rejected ***again*** for the following reasons:

### a. ZTE waived its indispensable party argument.

First, ZTE *waived* its "indispensable party" argument. At the hearing on ZTE's motion to reconsider, this Court stated that the "reason we had this hearing is it's clear to us that ZTE never . . . raised the issue of indispensability for any of the parties before," and "question [the] fairness of why we should permit that now." **Ex. B** at 22. In response, ZTE *admitted* that it was aware of the argument *before* ZTE USA was dismissed. *Id.* ("we had a placeholder for that argument."). The evidence ZTE relied on to argue indispensability (excerpts from WSOU's preliminary infringement contentions) was available to ZTE when it filed, briefed, and argued its §1404(a) motions. *Id.* at 4, 8. Dismissal of ZTE USA did not create a new circumstance justifying ZTE's belated indispensability argument. *Id.* at 22. Nor does ZTE USA's filing of the NDTX Action. ZTE's "indispensable party" argument was untimely when ZTE filed its motion to reconsider, and it is untimely now.

### b. ZTE USA is not a required or "indispensable" party.

Second, ZTE USA is not indispensable. The core public infringement evidence referenced in WSOU's infringement contentions comes from ZTE Corporation, not ZTE USA. The manuals cited in the infringement contentions are marked as "ZTE Corporation." *See* **Ex. I**. And regardless, it is "well settled that joint tortfeasors are not considered 'required' or indispensable parties under Rule 19." *Akoloutheo, LLC v. Sys. Soft Techs., Inc.*, No. 4:20-cv-985, 2021 WL 1947343, at *2 (E.D. Tex. May 14, 2021) (cleaned up) (denying Rule 12(b)(7) motion to dismiss for alleged failure to join a required party under Rule 19); *see also In re Rolls Royce Corp.*, 775 F.3d 671, 683 (5th Cir. 2014) (requiring district court to sever and transfer a joint tortfeasor). In *Akoloutheo*, Judge Mazzant recognized that even if a subsidiary of the defendant acted as the "primary participant" in acts giving rise to the litigation, the

2

subsidiary was not a required party. *Id.* A parent company "may be liable for patent infringement . . . regardless of [its subsidiary's] downstream role." *Abbvie Inc. & Abbvie Biotechnology LTD v. Alvotech HF*, 2021 WL 3737733, at *10 (N.D. Ill. Aug. 23, 2021) (citing *Akoloutheo*).

### c. It is not unfair to continue this case without ZTE USA.

Even if ZTE USA is indispensable (and it is not), it is not unfair to continue this case. Under Rule 19(b), if a person who is "required to be joined *if feasible*" cannot be joined, the court considers the following factors to determine if the case should continue: (1) the extent to which a judgment rendered in the person's absence might prejudice that person; (2) the extent to which any prejudice could be lessened or avoided through various tools at the court's disposal; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. Fed. R. Civ. P. 19(b) (emphasis added).[3]

Factors 1 and 3 strongly favor keeping this case in WDTX. ZTE USA is not prejudiced by its actions willfully removing itself from this case. Rather, any interest it has in the outcome of this first-filed case is still being vigorously defended by its parent, ZTE Corporation, represented by the *same* counsel that represents ZTE USA. And once this case is resolved, *res judicata* and the *Kessler* doctrine (in the event of a finding of non-infringement) will prevent the need to relitigate issues resolved by this Court. *See Brain Life, LLC v. Elekta Inc.,* 746 F.3d 1045, 1056 (Fed. Cir. 2014). Moreover, ZTE USA "may return to the [Northern] District of Texas" in the unlikely event that "its claims are not fully resolved." *Gateway Mortgage Group*, 694 Fed. Appx. at 227.

Factor 2 also favors keeping this case in the WDTX because this Court has plenty of tools, if even needed, to mitigate any possible prejudice to ZTE Corporation's downstream customer ZTE USA.

---

[3] Because ZTE's supplemental brief is simply a repackaging of its failed motion to reconsider, these factors were already addressed at the hearing on ZTE's motion to reconsider. *See* Ex. B at 12-14.

3

Factor 4 strongly favors keeping this case because the NDTX Action is not an adequate remedy for WSOU. WSOU will be severely prejudiced if this case is not allowed to proceed. This Court routinely denies motions to stay pending PTAB proceedings because it believes in the Seventh Amendment and recognizes the harm such stays cause to the non-moving party. *See Kerr Mach. Co. v. Vulcan Indus. Holdings*, LLC, 6-20-CV-00200-ADA, 2021 WL 1298932, at *3 (W.D. Tex. Apr. 7, 2021) (denying a motion to stay pending PGR and recognizing the motion as a "delay tactic."). The same principles apply here. ZTE has done all it can to delay this litigation[4] to give its IPRs a chance at institution. As shown below, ZTE's real motive in filing the NDTX Action is to create further delay for the same purpose. And if this case is transferred, ZTE will almost certainly move to stay the NDTX Action pending IPR. ZTE USA has no genuine desire to litigate its claims in the NDTX.

In its March 24, 2021 IPR petition, ZTE argued delays of this case would favor institution and *promised* the PTAB there would be delays.[5] ZTE has done everything in its power to deliver its promised delays. And it has carefully coordinated its attempts to delay this case with its communications to the Board.[6] In its zeal to convince the Board this case would not proceed, ZTE has sometimes been less than candid with the Board.[7]

---

[4] As examples, ZTE repeatedly urged this Court to delay the *Markman* hearing or stay the entire case, delayed venue discovery, and has refused to participate meaningfully in fact discovery. When this Court denied ZTE Corporations motion to dismiss, ZTE created further delay by filing its meritless motion for reconsideration. When that failed, ZTE USA filed the NDTX Action and sought further delay with this briefing.

[5] *See* **Ex. C** at 91-92 (arguing ZTE's motions to dismiss in this case made it "unclear that the court in the related district court litigation will ahere to any [future] scheduled jury trial date," that if this Court granted "either of the pending improper venue motion or [ZTE's] motion to stay [this case], these cases will be assigned new, later trial dates likely in a new forum," that "***Judge Albright is unable to maintain trials based on their originally scheduled dates***," and that "fact discovery does not open until after the claim construction hearing.") (emphasis added).

[6] For example, on August 16, 2021, ZTE filed a motion to reconsider, arguing for the *first time* that ZTE Corporation should be dismissed under Rule 12(b)(7) because ZTE USA was allegedly an indispensable party. One day later, on August 17, 2021, ZTE filed its Preliminary Reply with the PTAB, arguing that it remained "likely" that this case would be dismissed in its entirety because ZTE Corporation's motion to reconsider was "likely to succeed." **Ex. D** at 1.

[7] On Friday, August 6, 2021, ZTE wrote to the Board saying that "just moments ago . . . Judge Albright dismissed all the respective district court cases for those matters, on the basis of

4

ZTE USA's filing of the NDTX Action to deliberately manufacture a judicial inefficiency is only ZTE's latest attempt to delay this case in hopes of swaying the opinion of the PTAB.[8] ZTE does not *want* its claims determined by a district court. It filed the NDTX Action to further its ongoing effort to give it IPRs a chance at institution and to deprive WSOU of a right to a trial by jury. Further, the NDTX Action is not more efficient. Despite some delay, this case is not in the early stages of litigation.[9] Starting over in the NDTX Action is not in the interest of judicial efficiency. Rather, transfer to the NDTX would severely prejudice WSOU.

The exception to the first-to-file rule urged by ZTE relies on *equity*. It is well-established that a party who "seeks equity must do equity." ZTE has not "done equity." Rather, it has continuously sought to delay this case in hopes of depriving WSOU of its right to a trial by jury. All this Court needs to do to resolve the inefficiency caused by ZTE USA's fling in the NDTX Action is deny ZTE's latest belated attempt to resurrect its 1404(a) motions with new arguments (and promptly set a new *Markman* hearing). With a clear signal from this Court that this case will not be dismissed or transferred, the NDTX will be free to stay or dismiss the NDTX Action without prejudice.

---

improper venue for all defendants." *See* **Ex. E** at 2. About two hours later, this Court wrote to the parties, informing them that there was an error in the order, that ZTE Corporation would not be dismissed, and that a corrected order would be entered soon. **Ex. F**. Despite this, ZTE let days pass without notifying the Board that ZTE's August 6 email was incorrect. Ex. E at 1. WSOU was compelled to inform the Board of the error. *Id.* On August 17, nearly *three months* after fact discovery opened (and two months after this Court emailed the parties on June 18, 2021 confirming that "fact discovery opened" on May 22, 2021, see **Ex. G**), ZTE represented to the Board that "non-venue discovery only recently began, further establish[ing] that discretionary denial is inappropriate here." *See* Ex. D at 1, 3.

[8]   Immediately after filing the NDTX Action, ZTE wrote to this Court informing it of the NDTX Action and reminding it of ZTE's pending motion to stay. True to form, one day after this Court ordered supplemental briefing, ZTE wrote to the Board again, notifying it of this briefing in hopes of swaying the PTAB decision regarding institution. **Ex. H**.

[9]   WSOU has already served its preliminary and final infringement contentions. ZTE has served its invalidity contentions. The parties have exchanged proposed claim constructions and filed their claim construction briefs. Further, fact discovery opened on May 24, 2021. The parties have made initiation disclosures, and WSOU served written discovery requests on June 2, 2021.

Dated: September 23, 2021

Respectfully submitted,

By:     */s/ Ryan Loveless*
James L. Etheridge
Texas Bar No. 24059147
Ryan S. Loveless
Texas Bar No. 24036997
**Etheridge Law Group, PLLC**
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, TX 76092
Tel.: (817) 470-7249
Fax: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com

Mark D. Siegmund
State Bar No. 24117055
mark@waltfairpllc.com
Law Firm of Walt, Fair PLLC.
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432

*Counsel for Plaintiff WSOU Investments, LLC*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered electronically via the U.S. District Court [LIVE]-Document Filing System to all counsel of record September 23, 2021.

                               */s/ Ryan Loveless*
                               Ryan S. Loveless