# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>*Plaintiff,*<br><br>v.<br><br>ZTE CORPORATION,<br><br>*Defendant.* | Case No.: 6:20-cv-00492-ADA<br><br>PUBLIC VERSION |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY FEES**

**TABLE OF CONTENTS**

                                                                                                    **Page**

I.    INTRODUCTION ........................................................................................................... 1

II.   ARGUMENT .................................................................................................................. 2

      A.   ZTE Is Not A Prevailing Party................................................................................ 2

      B.   This is Not An Exceptional Case and Brazos's Discreet and Necessary
           Requests For Fees Do Not Render This Case Exceptional..................................... 3

           1.   Brazos Rightfully Sought Fees After Having To Oppose ZTE's
                Third Unsucesseful Motion To Stay ............................................................ 4

           2.   ZTE's Assertion That Brazos Continued To Seek Discovery For
                Devices In This Case After The PTAB Had Already Invalidated
                All Claims Is False And Misrepresents The Record.................................... 5

           3.   Brazos Rightfully Sought Fees For Responding To ZTE's
                Frivolous Motion To Dismiss In Which ZTE Demanded Discovery
                Which The Court Had Already Been Repeatedly Denied ......................... 6

           4.   This Case And Brazos's Briefing Was Supported By Sound
                Factual And Legal Arguments ..................................................................... 7

III.  CONCLUSION............................................................................................................. 10

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff" or "Brazos") files this opposition to Defendant ZTE Corporation's ("ZTE") Motion for Attorney Fees ("Motion" or "Mot.").[1]

## I.     INTRODUCTION

ZTE's Motion is one more example of ZTE engaging in improper litigation tactics by filing a baseless motion grounded on gross misrepresentations of fact and frivolous legal arguments.

As an initial matter, ZTE is not a prevailing party. This case was voluntarily and jointly dismissed by the parties under Rule 41. Accordingly, ZTE cannot invoke Section 285 as a basis for seeking fees. *See, e.g.*, *O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC*, 955 F.3d 990, 993 (Fed. Cir. 2020).

ZTE's Motion largely rests on its claims that Brazos sought fees against ZTE for ZTE's litigation misconduct. All of Brazos' fee requests have not only been reasonable, but factually and legally supported. These requests related to numerous motions or discovery disputes brought by ZTE that *this Court already decided in Brazos's favor numerous times*.

ZTE's argument regarding its stay motion also misrepresents the record. ZTE misleadingly claims Brazos sought fees when opposing staying the case of the invalidated patent in this case. However, Brazos only sought fees in opposing ZTE's third unsuccessful motion to stay, an omnibus motion of eleven patent cases. In fact, Brazos promptly voluntarily dismissed this case by joint stipulation of the parties shortly after the PTAB issued its decision on the '071 Patent.

In short, ZTE has no factual or legal basis supporting a finding that Brazos's conduct warrants fees. The Motion should be denied.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion. Unless otherwise noted, all emphasis in this opposition brief has been added.

## II.    ARGUMENT

ZTE purportedly seeks fees under 35 U.S.C. § 285, the fee shifting statute where courts may award reasonable attorney fees to the "prevailing party" in "exceptional cases." ZTE is neither the "prevailing party," nor is this case "exceptional."

### A.    ZTE Is Not A Prevailing Party

For a party to be considered "prevailing" for purposes of a fees statute allowing an award only to a prevailing party, there must be *a judicial decision* in the party's favor that materially alters the legal relationship of the parties. *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Res.*, 532 U.S. 598, 603 (2001) (prevailing party is one who "has been awarded some relief by [a] court"); *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422 (2016) ("This change must be marked by judicial imprimatur.") (citing *Buckhannon*, 532 U.S. at 605). There is no such decision here.

The parties voluntarily dismissed the action by filing a notice of dismissal. Dkt. 230. The Rule 41(a)(1)(A)(ii) dismissal does not require a court order or other judicial imprimatur; thereby no party is considered to have prevailed under Section 285. *See O.F. Mossberg*, 955 F.3d at 993. In *O.F. Mossberg*, after the Patent Office had rejected all the claims of the patent in an *inter partes* re-examination, the plaintiff patent owner filed a Rule 41(a)(1)(A)(i) notice of dismissal. *Id.* Because the voluntary dismissal ended the action without a judicial decision, the Federal Circuit held that the defendant was not a prevailing party for purposes of § 285. *Id.* ("[T]he issue here is not whether there was a final decision on the merits. It is whether there was a final decision at all. . . . In this case, there was no such final court decision. A properly filed Rule 41(a)(1)(A)(i) voluntary dismissal becomes effective immediately upon plaintiffs filing of the notice of dismissal."). Here, because the dismissal was the result of a voluntary act and was not

ordered or sanctioned by the Court, ZTE is not the prevailing party in the action and thus does not qualify for § 285 relief.[2]

In addition, many of the examples that ZTE asserts entitle it to fees under this statute pertain to judicial decisions issued *in favor of Brazos*. For example, this Court denied ZTE's motion to stay. *See* Dkt. 234.[3] ZTE also seeks fees on motions that have yet to be decided, including ZTE's Motion to Dismiss for Lack of Standing. Dkts. 210, 213, 215. Even more confusing is that a large portion of ZTE's brief is rests on the argument that ZTE is entitled for fees only because Brazos sought fees for ZTE's litigation misconduct relating to its repeated motions and discovery disputes on issues already decided by this Court. However, the Court has already warned ZTE that it could be sanctioned for this litigation abuse. *See, e.g.*, Ex. 1[4] (6/21/22 Hr'g Tr.) at 26:2-11 (court explaining it "will consider [a request for costs and fees] if we have to address these issues again in the future."). Brazos prevailed in each Court Order underlying these requests. Dkt. 213 at 27-30. ZTE fails to explain how these scenarios are ones in which it "prevailed" on an issue, because it cannot. Thus, the Court should deny ZTE's motion on this basis alone.

### B. This is Not An Exceptional Case and Brazos's Discreet and Necessary Requests For Fees Do Not Render This Case Exceptional

An exceptional case is "one that stands out from others with respect to the substantive

---

[2] It is irrelevant that the Joint Stipulation of Dismissal contains the statement that "[t]he parties agree that this Joint Stipulation does not prohibit a respective parties' claim for costs, expenses, or attorneys' fees." Dkt. 230. This statement that does not entitle ZTE to fees nor does it make ZTE a prevailing party under Section 285.

[3] And even if ZTE's motion to stay was granted (which it wasn't) the Federal Circuit has held that a decision on a motion to stay is not one on which a party could be considered a "prevailing party" for the purpose of § 285. *O.F. Mossberg*, 955 F.3d at 993 ("A stay, standing alone, is simply not a final court decision capable of establishing the judicial *imprimatur* required for a litigant to emerge as the prevailing party under § 285.").

[4] "Ex. __" refers to the Exhibits to the Declaration of Jonathan K. Waldrop filed concurrently herewith.

strength of a party's litigation position (considering both the governing law and the facts of the case) or the unreasonable matter in which the case was litigated." *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). Even if a case is exceptional, a court need not award fees. Rather, the decision whether to award fees is a two-pronged inquiry that requires, first, a factual finding that the case is "exceptional" and, second, a discretionary decision to award fees. *See Motorola, Inc. v. Interdigital Tech. Corp.*, 121 F.3d 1461, 1468 (Fed. Cir. 1997). A party seeking attorney fees under section 285 must prove it is entitled to fees by a preponderance of the evidence. *Octane Fitness*, 572 U.S. at 557. "The use of the word 'exceptional' in § 285 is not to be taken lightly." *Polarity, Inc. v. Diversified Techs., Inc.*, 2006 WL 3456634, at *1 (N.D. Cal. Nov. 29, 2006) (noting "Congress in choosing to limit district court authority to award attorney's fees to exceptional cases has made clear that this should occur only in rare or extraordinary cases."). *Id*. Further, "courts elucidating this statutory language have generally found that 'exceptional' cases are those rare or extraordinary cases blighted and marked by a party's bad faith or inequitable conduct" or in other words, "there must be some egregious action by a party such that fees must be awarded to the other party in order to prevent a gross injustice." *Id*. (citations omitted)

Here, ZTE and its counsel have chosen to fight every matter, big or small, and to cause the parties and the court to needlessly expend resources in the process. It cannot complain about the results of actions it freely chose.

      **1.**    **Brazos Rightfully Sought Fees After Having To Oppose ZTE's Third Unsucessful Motion To Stay**

ZTE filed an omnibus motion to stay *all eleven cases* on August 25, 2022—not just the '071 patent—*prior* to the IPR decision invalidating all claims of '071 Patent. Dkt. 218. Brazos opposed that omnibus motion on September 8, 2022, providing no arguments specific to the '071

4

Patent, and requested fees in light of the fact that the motion was ZTE's *third* stay motion despite prior orders of this Court finding that a stay was not justified. Notably, the Court stated in a hearing that it had already recognized *in several prior hearings* that it was *not inclined to grant a stay* without an "extremely persuasive reason." Ex. 2 (9/19/2022 Hr.'g Tr.) at 5:12-17. Moreover, prior to the filing of ZTE's reply brief, Brazos "sent [ZTE] over a draft stipulation of dismissal" for the '071 Patent in light of the IPR decision (on September 14, 2022). *Id.* at 22:9-12; *see also* Ex. 3. Despite having received Brazos's stipulation of dismissal, ZTE argued throughout its Reply that Brazos was pursuing the '071 patent. Dkt. 221. This was false.

On September 19, 2022, the Court "den[ied] the request for stay." *See* Ex. 2 at 28:19-23; Dkt. 234. As such, ZTE's claim that Brazos was "demand[ing] fees after its patent was invalidated" (Mot. at 4) and "refused to stay the case" (Mot. at 1) are gross misrepresentations. Brazos sought fees in opposing a third, entirely unsuccessful stay motion *of all 11 cases*, and promptly agreed to dismiss the '071 case after its invalidation. Furthermore, ZTE's claim that the Court "agreed" that Brazos wasted resources is simply unsupported by the record. Mot. at 4 (citing Hr'g Tr. at 28:19-23, where the Court issues its decision denying ZTE's motion). ZTE's claims for fees on this issue are baseless.

**2.  ZTE's Assertion That Brazos Continued To Seek Discovery For Devices In This Case After The PTAB Had Already Invalidated All Claims Is False And Misrepresents The Record**

The parties' meet and confer communications demonstrate that Brazos did not continue seeking discovery for products that were only asserted on the '071 Patent after the PTAB's decision. The parties met and conferred on September 1, 2022—the same day that the PTAB issued its decision on the '071 Patent. The subject of this meet and confer was a discovery dispute chart that had been pending since July 2022. As part of this meet and confer, and within two hours

5

of the PTAB decision, Brazos's counsel stated the following to ZTE's counsel: "if ZTE believes that it should not comply with the court's order with respect to the "Spro" products, that is ZTE's choice and it can state its position accordingly." *See* Ex. 4 (September 1, 2022 email from Mr. Love to Mr. Schulz). As ZTE knows, Brazos's counsel in this case are not counsel before the PTAB and were not yet aware of the decision that came out less than two hours prior to the meet and confer. However, when ZTE told Brazos that the claims had been found unpatentable by the PTAB, Brazos, relying in good faith on ZTE's representations, offered that ZTE isolate the products specific to the '071 Patent and not provide discovery on those products. *See id.*

Moreover, ZTE's claims that Brazos' request for fees in its opposition to ZTE's motion to stay (addressed *supra*) was somehow also a request for fees related to discovery on "devices named only in this case" is false. Brazos only sought fees in responding to a *third* Motion to Stay. Nowhere does Brazos mention ZTE's discovery deficiencies in its request for fees, let alone deficiencies specific to the '071 Patent or the accused devices. Thus, ZTE's claim on this issue is nonsensical and baseless.

### 3. Brazos Rightfully Sought Fees For Responding To ZTE's Frivolous Motion To Dismiss In Which ZTE Demanded Discovery Which The Court Had Already Been Repeatedly Denied

In its Motion to Dismiss for Lack of Standing, ZTE requested documents (*e.g.*, loan and security agreements, financials, and prior witness transcripts, statements, or testimony) that this Court has previously denied many times. As outlined in Brazos' Opposition, the Court denied ZTE's requested relief related to these various categories of information ***eleven (11) times*** in this case and related cases.[5] ZTE's continued demand for such discovery was improper and a valid

6

basis for Brazos to seek fees.[6] In fact, this Court had previously expressed that it was "nonplussed by [ZTE's] approach" and "will consider [a request for costs and fees] if we have to address these issues again in the future." Ex. 1 (6/21/22 Hr'g Tr.) at 26:2-11. Despite this June warning, ZTE has continued to seek production of these documents, and more recently has conditioned its compliance with this Court's order on depositions to Brazos's production to these same denied documents. *See* Ex. 5 (10/18/22 Email from Mr. Schulz). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ And Brazos's request for fees was particularly reasonable given that this Court has already found that ZTE's excessive motion practice and discovery misconduct may lead to sanctions against ZTE. *See, e.g.*, Ex. 1 (6/21/22 Hr'g Tr.) at 26:2-11; Dkt. 209 at 27-30.

### 4. This Case And Brazos's Briefing Was Supported By Sound Factual And Legal Arguments

Despite losing on its Motion to Dismiss or Transfer in Alternative (Dkt. 104), Supplemental

---

[6] The requested discovery was also irrelevant to ZTE's motion to dismiss and thus Brazos also opposed ZTE using its motion as a vehicle to improperly rehash unrelated, settled issues. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Motion to Transfer (Dkt. 152), Motion for Reconsideration on the Motion to Transfer (Dkt. 112), Petition for Writ of Mandamus (No. 22-122-KH, Dkt. 12), and Motion for Reconsideration of the Mandamus Decision (No. 22-122-KH, Dkt 16), ZTE insists that it was somehow improper for Brazos to litigate venue issues before this Court. Mot. at 9. Although ZTE's subsidiaries were dismissed from this case, Brazos did not waste party and judicial resources. The same cannot be said of ZTE, which expended an inordinate amount of time and resources in attempting to overturn this Court's decision as to the proper venue for ZTE in this case. *See* Dkts. 104, 152, 112; No. 22-122-KH, Dkts. 12, 16. In any event, the Court found for Brazos on the venue issues pertaining to ZTE. And ZTE's mere disagreement with Brazos's opposition, especially on complicated and nuanced legal issues like venue, is not a basis for awarding fees.[8] *In re Protegrity Corporation*, 2017 WL 747329, *3-*6 (N.D. Cal. 2017) (noting where the defendant had "a catalog of complaints about [plaintiff]'s venue positions" but the complicated record involved subsidiaries and "ambigu[ity]," plaintiff's claim was a "good example" of how defendant's venue positions failed to be "evidence of egregiousness" warranting fees). Accordingly, ZTE's claims here also fail.

Further, ZTE's Motion makes unsupported claims about the strength of Brazos' case, ignoring the fact that the '071 patent case was voluntarily dismissed here because of the IPR invalidation, and not through arguments or positions Brazos advanced before this Court. The Supreme Court has held that IPR and district court proceedings are so legally different that inconsistent outcomes may be expected. *Cuozzo Speed Techs., LLC v. Lee*, 579 U.S. 261, 283

---

[8] Even if Brazos' positions were unsupported (and they were not), the aggrieved parties here would in fact be that ZTE (USA) AND ZTE (TX) Inc., *not ZTE Corp.*, the party filing this motion, because venue was *deemed proper as to ZTE Corp.*

(2016) ("[I]nter partes review imposes a different burden of proof on the challenger. These different evidentiary burdens mean that the possibility of inconsistent results is inherent to Congress' regulatory design."). Thus, ZTE's success at the PTAB does not imply that it would have prevailed on invalidity in this case, much less that Brazos's validity positions in the litigation were so meritless as to warrant an exceptional case finding. The Federal Circuit's admonishment in *McNeil-PPC, Inc. v. L. Perrigo Co.*, 337 F.3d 1362, 1372 (Fed. Cir. 2003) remains apt: "We have not previously held any party liable for attorney fees for either vigorously prosecuting its patent application or enforcing a presumptively valid patent, even where that patent was later invalidated, in the absence of clear and convincing evidence of inequitable conduct or misconduct during litigation." *See also Garfum.com Corp. v. Reflections by Ruth*, 2016 WL 7325467, at *4 (D.N.J. 2016) (declining to find case resolved on invalidity grounds "exceptional" in light of the "high burden of proof created by the necessary deference to the PTO"); *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1303 (Fed. Cir. 2004) (concluding, in an appeal from a denial of a fee award, that a party's decision to proceed with a lawsuit was not exceptional "in light of the statutory presumption of validity," even if the patent is later invalidated at PTAB).

Furthermore, the other conduct ZTE complains of is not improper, let alone "exceptional." Brazos opposed ZTE's argument that ZTE's original transfer motion briefing was mooted by Brazos filing an amended complaint, and Brazos supported its position in its supplemental briefing on the issue. *See* Dkt. 41-1 at 1-2. ZTE even acknowledged itself in its briefing "that the court has discretion to deem whether an amended complaint renders motions to transfer moot or applicable. *Luminati,* 2019 WL 2084426, at*2 (E.D. Tex. 2019)." Dkt 45 at 24. Despite its own acknowledgement that Brazos's position *was supportable*, ZTE now makes conclusory statements that Brazos' position was unsupported, entitling ZTE to fees. However, even the Court's eventual

9

order on the motion to dismiss did not discuss, let alone make findings as to, whether there was anything improper about the underlying briefing. And the fact that ZTE (USA) AND ZTE (TX) Inc.'s motions to dismiss were granted is wholly unrelated to Brazos's position on how the briefing should proceed in the face of its amended complaint. *See* Dkt. 103; *Stone Basket Innovations, LLC v. Cook Med. LLC*, 892 F.3d 1175, 1181 (Fed. Cir. 2018) ("Absent any evidence that Stone's litigating position was frivolous when filed or at any point before it filed for dismissal . . . Stone's case did not meet the standard for an award of attorney fees.").

Finally, ZTE takes issue with positions and arguments Brazos advanced in various briefing occurring *years* ago, which ZTE only now claims are "exceptional." This strategy alone reeks of the exact gamesmanship ZTE alleges it is attempting to deter with its Motion. *See Stone Basket Innovations*, 892 F.3d at 1181 ("A party cannot simply hide under a rock, quietly documenting all the ways it's been wronged, so that it can march out its 'parade of horribles' after all is said and done.") (citation omitted).

### III. CONCLUSION

For the foregoing reasons, the Court should deny ZTE's meritless and frivolous Motion.

Dated: October 24, 2022                 RESPECTFULLY SUBMITTED,

                                                  By: */s/ Jonathan K. Waldrop*
                                        Jonathan K. Waldrop (CA Bar No. 297903)
                                        (Admitted in this District)
                                        jwaldrop@kasowitz.com
                                        Darcy L. Jones (CA Bar No. 309474)
                                        (Admitted in this District)
                                        djones@kasowitz.com
                                        Marcus A. Barber (CA Bar No. 307361)
                                        (Admitted in this District)
                                        mbarber@kasowitz.com
                                        Heather S. Kim (CA Bar No. 277686)
                                        (Admitted in this District)
                                        hkim@kasowitz.com
                                        John W. Downing (CA Bar No. 252850)
                                        (Admitted in this District)
                                        jdowning@kasowitz.com
                                        ThucMinh Nguyen (CA Bar No. 304382)
                                        (Admitted in this District)
                                        tnguyen@kasowitz.com
                                        Chen Jia (CA Bar No. 281470)
                                        (Admitted in this District)
                                        cjia@kasowitz.com
                                        **KASOWITZ BENSON TORRES LLP**
                                        333 Twin Dolphin Drive, Suite 200
                                        Redwood Shores, California 94065
                                        Telephone: (650) 453-5170
                                        Facsimile: (650) 453-5171

                                        Mark D. Siegmund (TX Bar No. 24117055)
                                        mark@swclaw.com
                                        **STECKLER WAYNE COCHRAN CHERRY PLLC**
                                        8416 Old McGregor Road
                                        Waco, Texas 76712
                                        Telephone: (254) 651-3690
                                        Facsimile: (254) 651-3689

                                        **Attorneys for Plaintiff**
                                        **WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served or delivered electronically to all counsel of record on this 31st day of October, 2022, via the Court's CM/ECF system.

/s/ *Jonathan K. Waldrop*
Jonathan K. Waldrop